Daniel, Judge.
 

 The order of the County Court, granting a commission to take the private examination of the
 
 feme covert
 
 to the deed given by Freshwater and his wife to the defendant; does not contain any suggestion that she was “ so inñrm ” that she could not travel to court to be examined. But the commission, which issued upon that order, contains these words, “ and it being represented to our said court that Mary Freshwater, wife of said William Freshwater, is indisposed, so that she cannot travel to said court &c.” The commission was executed by the commissioners and duly returned, and the court ordered the deed, the commission and report to be registered, which was done accordingly. The word
 
 indisposed
 
 has two meanings: it may mean unwilling to travel, or it may mean unable to travel from sickness. The latter meaning must be assigned to the word, when we read it in connection with its context. The County Court is limited in its power to grant commissions of this kind, and therefore it is necessary that the proceedings should shew that the court acted within the sphere of its limited jurisdiction, as no intendment would be made that it had so acted. In
 
 Fenner v. Jasper. 2
 
 Dev. and Bat. 34, a remark fell from the court, which would seem to imply that the suggestion should appear in the order made by the court; but it is afterwards distinctly stated that the J . . . 1 . ., -j ,, suggestion must appear either m the order or the. commxss;011- That case, we still think, was correctly decided, for there was not a proper fact suggested, either in the order or the commission. In the case now before us, we are of the opinion that the proceedings of the County Court do shew, that they acted within the limits of the power given them by the acts of Assembly.
 

 Another objection to the validity of the deed arises upon the report or return of the commissioners. The report is not couched in definite or precise language; but we think, nevertheless, the meaning of it cannot be well misunderstood, and, fairly considered, it is a fulfilment of the demands of
 
 *317
 
 the act of Assembly. The commissioners, in their report, say, that they proceeded to take the
 
 private
 
 examination Mary Freshwater, relative to her voluntary assent in the execution of the annexed deed; and on the said private examination as to her voluntary assent, they received this answer, “ that she did execute the same, without any compulsion from, her husband or any other person whatever;” which answer could not be true, unless she executed the deed without the physical or moral force of her husband or any other person; and therefore she executed it voluntarily and of her own free will. The words of the act, passed in 1751, sec. 3, (Rev. Stat. c. 37, s. 10,) run thus: “ And such deed acknowledged before them (commissioners) after they have examined her privily and apart from her husband, touching her consent,” &c. The phrases
 
 “
 
 privy examination,”
 
 “
 
 private examination,” and “ examination separate and apart from her husband,” are indifferently used in our acts of Assembly, when speaking of the examination of a
 
 feme covert,
 
 touching her voluntary assent to the execution of a deed; as in the ancient law respecting her examination on acknowledgment of a
 
 fine,
 
 to convey one and the same idea, an examination i! when delivered from her husband, and therefore her judgment free.”
 
 Hearle
 
 v.
 
 Greenbank,
 
 2 Atk. 712. It is enough that the commissioners have certified that the examination was private.
 

 It seems to us, therefore, that the deed was sufficiently executed and authenticated to pass the land. There must be a new trial.
 

 Pkr Curiam. Judgment reversed and new trial awarded.